**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Gregory R. Nyhus
Assistant U.S. Attorney
greg.r.nyhus@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott Erik Asphaug
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

December 28, 2021

Mark Ahlemeyer
Assistant Federal Public Defender

      Re:    *United States v. James Donald Cooley*
               3:21-cr-00401-SI
               Plea Agreement Letter

Dear Mr. Ahlemeyer:

**1.     Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

**2.     Charges**:  Defendant agrees to waive grand jury and plead guilty to a single count information alleging that on or about May 18, 2020, defendant JAMES DONALD COOLEY did unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away a person, identified as Adult Victim 1, and willfully transported her in interstate and foreign commerce from Illwaco, Washington, to Rainier, Oregon, and did hold her for ransom, reward and otherwise; In violation of Title 18, United States Code, 1201(a).

**3.     Penalties:**  The maximum sentence for a violation of Title 18, United States Code, Section 1201(a) is life imprisonment, a fine of up to $250,000, a three-year term of supervised release and a $100 fee assessment.  Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.  ~~Defendant further stipulates to the abandonment of the firearms, as set forth below~~. *MA*

**4.     No Prosecution**:  The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

**5.     Guideline Application:**  The parties agree that the Court must first determine the applicable advisory guideline range applicable to the violations above, then determine a reasonable sentence considering that range and the factors listed in Title 18, United States Code, Section 3553(a).  The parties will recommend that the court adopt the following guidelines calculations:

Mark Ahlemeyer
Page 2
December 28, 2021

---

A.   Pursuant to U.S.S.G. § 2A4.1(a), the base offense level is 32.

B.   The parties agree that there are no additional specific offense characteristics.

D.   The parties believe that the defendant's criminal history category is II. The parties recognize that this is an estimate only.

E.   Following a reduction for acceptance of responsibility, defendant's total offense level is 29, which yields an advisory guideline range of 97-121 months. The parties have agreed to jointly recommend a high-end sentence of 120 months.

**6.   Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

**7.   Additional Departures, Adjustments, or Variances**: The parties agree not to seek any additional variances, reductions or enhancements.

**8.   Recommendation:** The parties agree to jointly recommend a sentence of 120 months.

**9.   Elements and Admissions**

Defendant agrees that the government could prove beyond a reasonable doubt the following elements, and admits to the factual basis, below:

*Elements*:

1. The defendant seized (or confined or inveigled or decoyed or kidnapped or abducted or carried away) LMS;
2. The defendant held LMS for ransom or reward or for any other reason;
3. In committing or in furtherance of the commission of the offense, LMS was transported in interstate or foreign commerce.

*Factual Basis*

The parties agree that on on May 18, 2020, defendant Cooley left his home in Rainier, Oregon and drove to Astoria, Oregon, crossing into Illwaco, Washington. He drove to the vicinity of the home belonging to LMS, an ex-girlfriend. Defendant parked down the road from her driveway and walked up to her residence. Defendant approached the home and caught her

Mark Ahlemeyer
Page 3
December 28, 2021

_____

by surprise.  Cooley, subdued, hobbled and took her back to his vehicle and drove back to his
residence in Oregon.  After a period of time, she was able to ~~escape and~~ contact a neighbor who
called law enforcement.

**11.     Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily
waives the right to appeal from any aspect of the conviction and sentence on any grounds, except
for a claim that:  (1) the sentence imposed exceeds the statutory maximum, or (2) the Court
arrives at an advisory sentencing guideline range by applying an upward departure under the
provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18
U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range.
Should defendant seek an appeal, despite this waiver, the USAO may take any position on any
issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion
under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds,
except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim.
P. 33 and 18 U.S.C. § 3582(c)(2).  In the event that defendant's conviction under this agreement
is vacated, the government may reinstate and/or file any other charges, and may take any
position at a resentencing hearing, notwithstanding any other provision in this agreement.

**12.     Court Not Bound**:  The Court is not bound by the recommendations of the parties or of
the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of
the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind
this plea agreement if the Court does not follow the agreements or recommendations of the
parties.

**13.     Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer
and the Court of the facts and law related to defendant's case.  Except as set forth in this
agreement, the parties reserve all other rights to make sentencing recommendations and to
respond to motions and arguments by the opposition.

**14.     Breach of Plea Agreement**:  If defendant breaches the terms of this agreement or
commits any new criminal offenses between signing this agreement and sentencing, the USAO
is relieved of its obligations under this agreement, but defendant may not withdraw any guilty
plea.
        If defendant believes that the government has breached the plea agreement, he must
raise any such claim before the district court, either prior to or at sentencing.  If defendant fails
to raise a breach claim in district court, he has waived any such claim and is precluded from
raising a breach claim for the first time on appeal.

///

///

Mark Ahlemeyer
Page 4
December 28, 2021

_____

**15.    Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

**16.    Expiration Date**: The terms of this agreement expire on January 28, 2022.

Sincerely,

SCOT ERIK ASPHAUG
United States Attorney

GREGORY R. NYHUS
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

2/11/22
Date

JAMES DONALD COOLEY
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

2/11/22
Date

MARK AHLEMEYER
Attorney for Defendant