**Mark Ahlemeyer, OSB No. 095997**
**Federal Public Defender's Office**
**101 S.W. Main Street, Suite 1700**
**Portland, Oregon 97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**
**Email: mark_ahlemeyer@fd.org**
**Attorney for Defendant**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:21-cr-00401-SI |
| Plaintiff, | |
| v. | **DEFENDANT'S SENTENCING MEMORANDUM** |
| **JAMES DONALD COOLEY,** | |
| Defendant. | |

Mr. James Cooley will appear before this Court on August 15, 2022, for sentencing upon his plea of guilty to Count 1, Kidnapping in violation of Title 18, U.S.C. § 1201 (a). His applicable guideline range is 97 to 121 months in prison. The government, the United States Probation Office (USPO), and the defense jointly recommend a high-end guideline sentence of 120 months' imprisonment.

### APPLICABLE LAW

Federal sentencing is premised on the "parsimony principle" articulated in 18 U.S.C. § 3553(a). *Dean v. United States*, 137 S.Ct. 1170, 1175 (2017). That principle dictates that a sentence be "sufficient, but not greater than necessary," to comply with the following purposes of sentencing:

- To reflect the seriousness of the offense;

- To afford adequate deterrence to criminal conduct;

- To protect the public from further crimes of the defendant; and

- To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

In arriving at a sentence that is sufficient but not greater than necessary, § 3553(a) also requires a court to consider the nature and circumstances of the offense, the history and characteristics of a defendant, the kinds of sentences available, and the sentencing range established by the advisory United States Sentencing Guidelines. 18 U.S.C. § 3553(a)(1), (3)-(7); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *United States v. Booker*, 543 U.S. 220 (2005).

### SENTENCING RECOMMENDATION

There is no dispute between the parties about the applicable sentencing guidelines or the ultimate sentence this Court should impose. The Base Offense Level for a violation of 18 U.S.C. § 1201(a) is 32, and no Specific Offense Characteristics or other adjustments apply. *See* PSR at 8, CR 20 at 6. Because Mr. Cooley is in Criminal History Category II, and because he is entitled to a 3-level reduction for accepting responsibility for his criminal conduct, the advisory guideline range in this case is 97-121 months of imprisonment. The government, the USPO, and the defense jointly recommend a high-end sentence of 120 months' imprisonment.

Mr. Cooley is 60 years old. According to the PSR, prior to the age of 35, he had no arrests or criminal conduct. However, Mr. Cooley unfortunately became heavily involved in

methamphetamine use and his behavior began to spiral out of control. He, and various female partners, would abuse methamphetamines together with volatile results. Between the ages of 35 and 54, Mr. Cooley sustained seven convictions, all directly linked to his ongoing methamphetamine use. He received only minimal sentences in those cases, with a six-month sentence being by far the longest that he spent in custody.

Regrettably, Mr. Cooley did not seek help or treatment for his substance use disorder. While he has been on various terms of state supervision, it appears that—unlike with federal supervision—he was not actively monitored in terms of drug use. To be sure, there have been various times since the age of 35 that Mr. Cooley had been able to maintain abstinence from methamphetamine, but during times of stress he has repeatedly relapsed.

In the present case, Mr. Cooley had been in a romantic relationship with the victim. He was hopeful that the relationship would ripen into marriage and he spent significant time investing in improvements to her residence. He also stored various property there, including valuable tools he used for work.

When the victim ended their relationship, Mr. Cooley was confused as to why and was upset at both that and what he perceived as mistreatment of his personal belongings that were stored at the victim's residence. He fell back into heavy alcohol and methamphetamine use, and in that state, decided that he wanted to have coffee with the victim to seek answers as to why their relationship ended.

What followed was the crime that Mr. Cooley has pled guilty to. While in his altered mental state he convinced himself that the victim would want to have coffee with him, and when she resisted, he forced her to accompany him to his trailer home in Oregon. One would think that a

kidnapper would hide his victim from others, but Mr. Cooley did not. In fact, he openly told his sister (who lived in an adjacent trailer) that the victim was with him and needed to borrow some shoes and clothing. Mr. Cooley's sister approached the victim and spoke with her, and then returned to her residence and called the police. When officers arrived, Mr. Cooley was in his trailer with the victim making coffee, acting as if nothing was out of the ordinary.

Mr. Cooley has been in custody since that day in 2020, first on state charges and then on the current federal one. As a result, he has not had alcohol or methamphetamine in over two years. He is finally thinking clearly and is horrified to look back at his actions. He committed a serious crime and he knows there is nothing he can do to change that. He is, however, holding himself accountable by pleading guilty under the terms of the current plea agreement—he did not ask for undersigned counsel to seek any sentence at the low-end (or below) the applicable guideline. When he learned that the government would seek the high-end, he agreed to jointly recommend that outcome. Under no circumstance did he wish to cause further harm to the victim by making her testify at a trial.

Mr. Cooley's methamphetamine abuse resulted in him acting in ways he cannot reconcile with the person he once was or the person he intends to be in the future. He looks forward to receiving treatment in custody and while on supervised release. Specifically, the defense recommends that conditions of release include drug and alcohol treatment, mental health counseling, and a requirement that Mr. Cooley complete a domestic violence program.

Mr. Cooley agrees that the federal sentencing factors in 18 U.S.C. § 3553(a) and the advisory guidelines call for a significant sentence for his offense conduct, and he accepts and agrees with that outcome. As noted above, the parties jointly recommend a sentence of 120

months' imprisonment. The defense respectfully requests that the Court find that proposed sentence reasonable and adopt the joint recommendation.

Respectfully submitted on August 10, 2022.

                                       */s/ Mark Ahlemeyer*
                                       Mark Ahlemeyer, Attorney for Defendant